JUSTICE WEBER
dissenting:
I agree with the majority holding that under § 40-4-201(3), MCA, which covers separation agreements, the standard that would justify reopening the judgment is unconscionability. In substance the majority appears to conclude that because the wife is not arguing that the separation agreement is unconscionable, it is proper to conclude the court’s order modifying the dissolution decree was reversible error on the part of the District Court.
The Findings of Fact Conclusions of Law and Order, dated December 21, 1990, on the part of the District Court, pointed out that the motion to reconsider came on for hearing on December 19,1990, and that Mrs. Laskey and her counsel were present but that no appearance was made by Mr. Laskey or his counsel. Mrs. Laskey presented witnesses and the court made the following pertinent findings of fact and conclusions:
FINDINGS OF FACT
3. That the Legal Separation proceedings were never intended to serve as a complete legal division of the parties’ marital assets.
4. During the proceedings to obtain a Legal Separation, Mr. Rad-ford [Mrs. Laskey’s attorney] informed Mrs. Laskey that she was *374 entitled to a portion of Mr. Laskey’s pension. It was Mr. Radford’s understanding that the military pension was controlled by federal statute and that it was not required that the military pension be specifically mentioned as a divisible marital asset in the Separation Agreement.
5. That the absence of any mention of the military pension was intentional and did not constitute a waiver or relinquishment of Mr. Laskey’s military pension as a marital asset.
10. Mr. Laskey has offered to give Mrs. Laskey the entirety of the marital real property as well as increased child support should she waive the receipt of his military pension. This offer was never accepted.
11. That at no time did Mrs. Laskey receive a marital asset which would have served as adequate consideration for a waiver of rights to a share of her husband’s military pension.
18. That as of this date, the military pension of Mr. Laskey has not been divided between the parties, nor has the real property accumulated by the parties located at 3716 2nd Ave. South, Great Falls, Montana.
CONCLUSIONS OF LAW
3. That facts of this case presented at hearing clearly justify this court using its discretion to equitably relieve Petitioner [Mrs. Laskey] from the operation of the ruling made by this Court on June 7, 1990.
4. That Petitioner, Mary B. Laskey has not relinquished or waived her right to her husband’s military pension.
5. That there was a lack of adequate consideration present for such a contract of waiver or relinquishment to have been effected.
6. That the real property of the parties accumulated during the marriage, as well as the Respondent’s military pension have yet to be divided between the parties in the dissolution proceeding.”
The District Court based its conclusions of law on Rule 60(b)(6), M.R.Civ.P. Notwithstanding any statements made in the Separation Agreement, the uncontradicted findings of fact on the part of the District Court establish that Mrs. Laskey understood she was *375 entitled to a portion of the pension and that it was not required that the military pension be mentioned in the Separation Agreement; that the absence of a mention of the military pension was intentional and did not constitute a waiver on the part of Mrs. Laskey; and that Mrs. Laskey did not receive adequate consideration for a waiver of her rights as to the military pension. The District Court concluded that such facts clearly justified using its discretion to “equitably relieve” Mrs. Laskey from the operation of the ruling previously made. We note that the previous ruling on the part of the District Court was its holding that the military pension had been waived due to the language of the Separation Agreement which is the position taken by the majority opinion.
While it is true that the District Court did not use the term unconscionable, it did conclude that it was justified in using its discretion to equitably relieve Mrs. Laskey from its previous ruling. The majority opinion states that Mrs. Laskey has presented no facts evidencing unconscionability. I conclude the following findings of fact of the District Court evidence unconscionability: The absence of any mention of the military pension was intentional and did not constitute a relinquishment of claim to the military pension; Mrs. Laskey’s understanding through her attorney that the military pension need not be mentioned in the Separation Agreement; and at no time did Mrs. Laskey receive adequate consideration for a waiver of her rights in the military pension. I would therefore affirm the District Court.
The majority opinion relies on the Patzer case. There are a number of factual distinctions between the two cases. In the Patzer case, the District Court considered a separation agreement as a part of the dissolution proceeding and specifically found the agreement was not unconscionable. In the present case, the separation agreement was entered into in 1985 and the dissolution took place in 1990. There was no finding of the absence of unconscionability in the present case as was present in Patzer. I therefore do not find the Patzer holding controlling.